UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED

2010 SEP 20 PM 12: 51

JESUS TACORONT
Plaintiff

Case No. 6:10-cv-1395-Orl-28 DAB

-v-

CITI MORTGAGE;
CENTRAL CREDIT SERVICES
Defendants

## COMPLAINT

Plaintiff, Jesus Tacoronte, individually, hereby sues Defendants, CITI MORTGAGE and CENTRAL CREDIT SERVICES for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii), Fair Debt Collection Practices Act (FDCPA)15 U.S.C. § 1692c(a)(1) and the The Florida Consumer Collection Practices Act (FCCPA), FLA. STAT. §559(Part VI).

## PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendants for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii), Fair Debt Collection Practices Act (FDCPA)15 U.S.C. § 1692c(a)(1) and the The Florida Consumer Collection Practices Act (FCCPA), FLA. STAT. §559(Part VI).

2. Upon belief and information, Plaintiff contends that many of these practices are widespread for some or all of the Defendants. Plaintiff intends to propound discovery to Defendants identifying these other individuals who have suffered similar violations.

Defendants identifying these other individuals who have suffered similar violations. He also intends to seek attorney's fees from Defendants as a private attorney general.

3. Plaintiff contends that the Collection Company Defendant have violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. §1681p, 47 U.S.C. §227(b)(3), 15 U.S.C. §1692k(d), Fla. Stat. §47.051, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

6. This is an action for damages which exceed $15,000.00.

## PARTIES

7. Plaintiff, Jesus Tacoronte, is a natural person and is a resident of the State of Florida.

8. Upon information and belief Defendant, CITI MORTGAGE ("Citi") is a foreign corporation, authorized to do business in Florida.

9. Upon information and belief Defendant, CENTRAL CREDIT SERVICES ("Central") is a Florida corporation, authorized to do business in Florida.

## FACTUAL ALLEGATIONS

10. From July 31 thru September 13, 2010, Citi violated the TCPA by leaving 20 recorded messages using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cell phone.

11. From July 31 thru September 13, 2010, Citi violated the TCPA by calling Plaintiff's cell phone 20 times with no prior permission given by Plaintiff.

13. On July 31 and August 1, 2010 the Plaintiff Central violated the TCPA by leaving recorded messages on Plaintiffs cell phone without express permission.

## COUNT I
## VIOLATIONS OF THE TELEPHONE
## COMMUNICATIONS ACT 47 U.S.C. §227

14. Plaintiff alleges and incorporates the information in paragraphs 1 through 13.

15. Defendant Citi has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular telephone service.

16. Defendant Citi has committed 20 separate violations of 47 U.S.C. §227(b)(1)(A) and Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

17. Defendant Citi has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) The last 20 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional. Plaintiff spoke with Citi twice after sending and Citi receiving the Intent to Sue Letter and Citi assured Plaintiff that the calls would stop. Since then Citi refuses and continues to violate 47 U.S.C. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

18. Defendant Central has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by calling the Plaintiff's number, which is assigned to a cellular telephone service. The Plaintiff has never given Central permission to call Plaintiffs cell phone. Plaintiff is

19. Defendant Citi has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by continuing to call Plaintiff 4 times after receiving the intent to sue letter and after hearing the recordings with total disregard and in violation of 47 U.S.C. §227.

**WHEREFORE,** Plaintiff demands judgment for damages against Citi, and Central for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

### COUNT II
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANTS CITI AND CENTRAL

20. Plaintiff alleges and incorporates the information in paragraphs 1 through 19.

21. Citi placed no less than 20 telephone calls to the Plaintiff's cellular telephone after receipt of Plaintiff's letter to cease and desist. Defendant knew or should have known that the phone calls made were inconvenient to the consumer. Such communications are prohibited by 15 U.S.C. § 1692c(a)(1). Defendant demands $1000.

22. Citi placed no less than 20 telephone calls to the Plaintiff's cellular telephone after receiving written notice from the Plaintiff to cease communications. Pursuant to 15 U.S.C. § 1692c(c), if such notice from the consumer is made by mail, notification shall be complete upon receipt. This clearly demonstrates willful violation of U.S.C. §1692c. Defendant demands $1000.

23. Defendants Citi and Central continued collection activity after receiving notice of dispute, and failed to provide written validation of debt before resuming collection activities, in violation of 15 U.S.C.§1692g(b). Defendant demands $2000.

24. Defendants Central violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

24. Defendants Central violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

**WHEREFORE,** Plaintiff demands judgment for damages against Citi, and Central for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

### COUNT III
### VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANTS CENTRAL AND CITI

25. Plaintiff alleges and incorporates the information in paragraphs 1 through 24.

26. Plaintiff is a consumer within the meaning of §559.55(2).

27. Citi and Central are debt collectors within the meaning of §559.55(6).

28. Citi violated §559.72(7) by willfully communicating with Plaintiff with such frequency as could reasonably be expected to harass Plaintiff.

29. Central violated §559.72(7) by willfully communicating with Plaintiff with such frequency as could reasonably be expected to harass Plaintiff. Defendant demands $1000.

30. Central violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate. Defendant demands $1000.

31. Central violated §559.72(15) by refusing to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt. Defendant demands $1000.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 20th of September, 2010

Jesus Tacoronte
2941 Tindall Acres
Kissimmee, FL 34744
407-401-2663
TBMissions@gmail.com