UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JESUS TACORONT**,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　Case No.: 6:10-cv-1395-JA-DAB

**CITI MORTGAGE**,
**CENTRAL CREDIT SERVICES,**

    Defendants.

_____/

## CITI MORTGAGE'S
## MOTION TO STRIKE JURY TRIAL DEMAND

### I. INTRODUCTION

Citi Mortgage ("**Citi**"), pursuant to Rules 12(f) and 38, FED. R. CIV. P., moves to strike Jesus Tacoronte's[1] demand for a jury trial. Mr. Tacoronte contractually waived his right to a jury trial when his wife, Danielle Tacoronte, obtained the loan that is the subject of this action and both Mr. and Mrs. Tacorante signed the mortgage containing a jury trial waiver The Court must enforce the jury trial waiver and strike Mr. Tacoronte's jury demand.

### II. RELEVANT BACKGROUND

On April 25, 2006, Mr. and Mrs. Tacoronte voluntarily executed a mortgage in favor of GB Home Equity, LLC, encumbering real property located at 2941 Tindall Acres Road, Kissimmee, FL 34744. A copy of the mortgage is attached as **EXHIBIT A**.

---

[1] The plaintiff's name was misspelled in the caption in the complaint. The signature of plaintiff contains the correct spelling. Citi will reference the correct spelling of the plaintiff's name as Mr. Tacoronte.

The mortgage contains a "jury trial waiver" provision on Page 5.

> **Waive Jury.** All parties to this Mortgage hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by any party against any other party.

(Ex. A, p. 5.) Mr. Tacoronte agreed to the waiver by placing his signature on the mortgage. (Ex. A, p. 6.)

Though the waiver is clear, and the paragraph readable and conspicuously labeled, Mr. Tacoronte unlawfully attempts to disavow the valid contractual jury trial waiver by demanding a jury trial in this case.[2]

### III. LEGAL ANALYSIS

**A.  The Jury Trial Waiver Applies to Mr. Tacoronte's Claims.**

Mr. Tacoronte's allegations arise from and relate directly to the mortgage and note — the contracts through which Mrs. Tacoronte obtained her loan. Indeed, Mr. Tacoronte claims that Citi violated the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act, based on conduct Mr. Tacoronte claims occurred in relation to alleged debt collection related to foreclosure action or security interest activity. (*See* Compl. ¶¶ 7-29.)

As Mr. Tacoronte's contractual jury waiver applies to "**any** action … brought by **any party against any other party**" the mortgage or note, it is enforceable as to **all** of Mr. Tacoronte's claims. *See Efficient Solutions, Inc. v. Meiners' Country Mart, Inc.*, 56 F. Supp.

---

[2] Citi is not an original party to Mr. and Mrs. Tacoronte's mortgage agreement, but this does not impact its ability to enforce the jury waiver. As servicer (or assignee) of the Tacorontes' mortgage loan, Citi is an assignee of the mortgage and/or its servicing rights and can therefore seek to enforce the jury waiver. (*See* Ex. A, p. 6 (providing: "Subject to any limitations stated in this Mortgage on transfer of Grantor's interest, this Mortgage shall by binding upon and inure to the benefit of the parties, their suiccessors and assigns.").) The Middle District of Florida has found this identical jury waiver applies to a mortgage servicer. *See Hancock v. Deutsche Bank Nat'l Trust Co.*, 8:06-cv-1724-T-27EAJ (M.D. Fla. Oct. 24, 2006) (A copy of the *Hancock* order is attached as **EXHIBIT B**).

2d 982, 984 (W.D. Tenn. 1999) (contractual jury waiver applied to counterclaims for fraudulent inducement and negligent misrepresentation because tort counterclaims were related to contract containing the waiver).

**B.  The Jury Trial Waiver is Enforceable.**

A jury trial waiver is enforceable when agreed to knowingly and voluntarily. *Allyn v. W. United Life Assurance Co.*, 347 F. Supp. 2d 1246, 1251 (M.D. Fla. 2004)*; see also Tradewinds Aviation, Inc. v. Jet Support Servs., Inc.*, No. 04 C 1406, 2004 WL 2533728, at *3 (N.D. Ill. Sept. 28, 2004) (slip copy) ("Although the Seventh Amendment to the United States Constitution guarantees the right to a jury trial in civil cases, the right may be waived if contracting parties knowingly and voluntarily agree to a waiver.").

A jury trial waiver clause in a mortgage is not inherently unconscionable, contrary to public policy or unfair. *Allyn*, 347 F. Supp. 2d at 1251 (citing *Pers Travel, Inc. v. Canal Square Assocs.*, 804 A.2d 1108, 1111 (D.C. 2002) ("It is clear that the parties to a contract may by prior written agreement waive the right to jury trial. … It is also generally accepted that a voluntary waiver of the right to a jury trial suffers no inherent constitutional or legal infirmity.")).

Jury trial waivers are common in loan agreements and guarantees and are regularly enforced. *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp., Inc.*, 56 F. Supp. 2d 694, 706 (E.D. La. 1999)*; see also Coop. Fin. Ass'n, Inc. v. Garst*, 871 F. Supp. 1168, 1171 (N.D. Iowa 1995) (jury trial waivers in loan agreements are regularly enforced). Florida courts also routinely enforce jury trial waivers within mortgages. *Anderson v. Apex Fin. Group, Inc.*, No. 08-cv-949-T-30MSS, 2008 WL 2782684, at*1-2 (M.D. Fla. July 16, 2008); *Murphy v. Cimarron Mortg. Co.,* Case No. 8:06-cv-2142-T.24-TBM, 2007 WL 294229 (M.D. Fla. Jan. 29, 2007); *Belin v. Citi Loan Servicing, LP,* Case No. 8:06-cv-760-T.24-EAJ, 2006 WL 2061340 (M.D. Fla.

July 17, 2006); *see also Hancock v. Deutsche Bank Nat'l Trust Co. as Trustee*, Case No. 8:06-cv-1724-T-27-EAJ (M.D. Fla. Oct. 24, 2006) (slip op. attached as **EXHIBIT B**).

Courts consider the following factors to determine whether a jury trial waiver was knowing and voluntary, and, therefore, not invalid or unfair: (1) the conspicuousness of the provision in the contract; (2) the level of sophistication and experience of the parties entering into the contract; (3) the opportunity to negotiate terms of the contract; (4) the relative bargaining power of each party; and (5) whether the waiving party was represented by counsel. *Allyn*, 347 F. Supp. 2d at 1252.

Not all factors must be satisfied for a waiver to be valid. *Id.*; *see also Murphy*, 2007 WL 294229, at *2 (granting motion to strike jury demand because waiver provision in mortgage was conspicuous, as it was (1) in its own separate paragraph, (2) in the same size font as the rest of the document, (3) located in the last numbered paragraph of a relatively short document and therefore not considered to be hidden within the document, and (4) stated in clear and unambiguous language that Mr. Tacoronte was waiving their right to a jury).

C. **Mr. Tacoronte Bears The Burden Of Proving He Did Not Knowingly And Willingly Agree To The Jury Trial Waiver.**

The Eleventh Circuit has not decided which party has the burden of showing the waiver was knowingly and voluntarily executed. *Allyn*, 347 F. Supp. 2d at 1251. In other circuits where the issue is undecided, courts have held that regardless of who bears the burden of proof the opponent of the waiver must "come forward with some evidence that calls the voluntariness [*sic*] of the waiver into question." *Sutter Ins. Co. v. Applied Sys., Inc.*, No. 02 C 5849, 2004 WL 161508, at *7 (N.D. Ill. Jan. 26, 2004) (citing *Reggie Packing Co. v. Lazere Fin. Corp.*, 671 F. Supp. 571, 573 (N.D. Ill. 1987)); *see also Mellon Bank, N.A. v. Miglin*, No. 92 C 4059, 1993 WL 281111, at *11 (N.D. Ill. April 29, 1993) (opponent of waiver must produce some proof that calls

into question whether the waiver was knowing or voluntary; "[t]o hold otherwise would mean that the party seeking to enforce the waiver would have to anticipate and offer proof to negate every possible objection to the knowing and voluntary nature of the waiver, even if some or all of those objections are never raised."); *Murphy*, 2007 WL 294229, at *1; *cf Garst*, 871 F. Supp. at 1172, n.2 (burden should rest with the party asserting the waiver because it is party seeking to benefit from the waiver).

In other words, Mr. Tacoronte clearly agreed to the waiver contained in the mortgage, so he must come forward with affirmative evidence showing the agreement was not made knowingly and voluntarily. He cannot meet this burden. Even presuming the burden rested with Citi, the following factors conclusively establish Mr. Tacoronte made a knowing and voluntary waiver.

### D. Mr. Tacoronte Cannot Show The Waiver Was Unfair Or Invalid.

#### 1. The jury trial waiver is readable and conspicuous.

The jury trial waiver on Page 5 of the mortgage. The heading of the paragraph states "**Waive Jury**" conspicuously in bold print and the entire waiver is in bold print. (Ex. A, p. 5.) Immediately above Mr. Tacoronte's signature is the codicil stating "EACH GRANTOR ACKNOWLEDGES HAVING READ ALL PROVISIONS OF THIS MORTGAGE, AND EACH GRANTOR AGREES TO ITS TERMS." followed by Mr. Tacoronte's signature. (*Id.*) For this reason, Mr. Tacoronte cannot claim the waiver provision was inconspicuous, in fine print, or buried within a lengthy paragraph. *See Sutter,* 2004 WL 161508, at *7 (jury trial waiver upheld when agreement was neither lengthy or verbose (nine pages long) and thus the waiver was neither hidden or buried); *Garst*, 871 F. Supp. at 1172 (waiver provision upheld when its

terms are clear and comprehensive, provision is set off in a paragraph of its own in identical typeface to other provisions, and is near the end of a short document just before signatures).

The Middle District of Florida has previously found the same waiver conspicuous and enforceable. *See Murphy*, 2007 WL 294229, at *2; *Belin* 2006 WL 2061340 at *1.[3] Mr. Tacoronte cannot logically argue he could not see the jury waiver.

2.   **Mr. Tacoronte signed immediately after the jury waiver.**

Mr. Tacoronte voluntarily placed his signature immediately following the jury waiver provision, signifying agreement to the terms of the document. (Ex. A, p. 6.) Mr. Tacoronte cannot disclaim knowingly and voluntarily waiving the right to jury trial because he chose to not read the waiver before signing. *See Household Commercial Fin. Servs., Inc., v. Suddarth*, No. 01 C 4355, 2002 WL 31017608, at *8 (N.D. Ill. Sept. 9, 2002) (citing *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 833 F.2d 1286, 1292 (7th Cir. 1989) ("basic contract law establishes a duty to read the contract; it is no defense to say, 'I did not read what I was signing.'")). Having signed the mortgage just after the conspicuous jury trial waiver provision, Mr. Tacoronte cannot argue he did not know or read what he signed.

3.   **Mr. Tacoronte signed the mortgage and agreed to abide by its terms.**

Just above the signatures, is a provision stating that "EACH GRANTOR ACKNOWLEDGES HAVING READ ALL PROVISIONS OF THIS MORTGAGE, AND EACH GRANTOR AGREES TO ITS TERMS." (Ex. A, p. 6.) Mr. Tacoronte placed his signature on the signature line immediately beneath this language, signifying he read and agreed to the terms. *See Wechsler v. Hunt Health Sys., Ltd.*, No. 94 Civ. 8294 (PKL), 2003 WL

---

[3] We know of only one instance in which a court declined to enforce a similar waiver for substantive reasons. *See Nichols v. Drisker*, Case No. 3:07-cv-109-J-25-TEM (M.D. Fla October 5, 2007) (slip op.) (copy attached as **EXHIBIT C**). The *Nichols* ruling is clearly distinguishable, as that case involved predatory lending allegations and the court refused to enforce the waiver only after an evidentiary hearing where testimony showed one borrower could not read and the other read at a third grade level. *Id*.

21878815, at *5 (S.D.N.Y. Aug. 8, 2003) (court enforced jury trial waiver which was final paragraph immediately preceding signature lines of agreement).

### 4. Mr. Tacoronte had opportunities to retain counsel.

Though no indication exists whether counsel represented Mr. Tacoronte in the mortgage transaction, courts have enforced jury trial waivers when parties have had an opportunity to retain an attorney to review the contract but chose not to do so. *See Tradewinds Aviation*, 2004 WL 2533728, at *5. There is nothing inordinately time sensitive about a loan refinance that would preclude the retention of an attorney.

### 5. Mr. Tacoronte was not forced to accept the terms of the mortgage.

Simply because a party does not attempt to negotiate the terms of a contract does not mean the person was precluded from negotiating about a jury trial waiver provision. *Oei v. Citibank, N.A.*, 957 F. Supp. 492, 523 (S.D.N.Y. 1997) (fact that form was created by Citibank does not mean waiver or other terms in agreement were not negotiable).

This is especially true given the circumstances here. Unless a party genuinely has "no choice," the courts will enforce jury trial waivers. *See Sullivan v. Ajax Navigation Corp.*, 881 F. Supp. 906, 911 (S.D.N.Y. 1995) (court refused to uphold a waiver because plaintiff "had no choice other than to accept the contract [a cruise ticket] as written.").

And, the Southern District of Florida has confirmed that a jury waiver is not involuntary "simply because the provision was part of a standard form contract or contained boilerplate language." *Milsap v. Cornerstone Res. Man., Inc.*, No. 05-60033-Civ-MARRA/Johnson, 2007 WL 965590, *2 (S.D. Fla. March 28, 2007) (enforcing waiver, citing *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1372 (11th Cir. 2005)). In *Milsap*, as here, the jury waiver language "was just as visible and in the same font as every other provision of the contract."

*Id.* The *Milsap* court determined that the plaintiff, a single mother in immediate need of housing, was not under "any extreme bargaining disadvantage" and there was no evidence that she "could not have simply walked away" if she found the terms unacceptable. *Id.* The circumstances surrounding a loan refinance are less drastic than those in *Milsap*.

Merely because a jury trial waiver is presented in a "take-it-or-leave-it" circumstance "does not make the waiver unenforceable or unconscionable." *Winiarski v. Brown & Brown, Inc.*, Case No. 5:07-cv-409-Oc-10GRJ, 2008 WL 1930484, *2 (M.D. Fla. May 1, 2008) (enforcing jury trial waiver in employment agreement and granting motion to strike).

The same circumstances are present in this case. Mr. Tacoronte could simply have walked away. He did not. Instead, he bound themselves to the jury trial waiver by accepting the mortgage loan and enjoying the attendant benefits.

### IV. CONCLUSION

Mr. Tacoronte freely waived the right to a jury trial. They knowingly accepted the waiver — they signed the mortgage immediately following the bold and conspicuous waiver provision. Mr. Tacoronte cannot pretend his waiver does not exist and demand a jury trial in this case. If any claims are to be tried, the Court must decide them.

### M.D. Fla. Local Rule 3.01(g) Certification

In accordance with local rule 3.01(g), counsel for Citi certifies that on October 11, 2010, counsel for Citi conferred with Mr. Tacoronte via telephone, regarding the jury trial demand and the issues presented in this motion. Mr. Tacoronte opposes the relief sought in this motion.

Respectfully submitted,

/s/ *William P. Gray*
William P. Gray, Esq.

Fla. Bar No.: 0983993
Email: bill.gray@akerman.com
Michael D. Starks, Esq.
Fla. Bar No.: 86584
Email: michael.starks@akerman.com
Post Office Box 231
420 South Orange Avenue, Suite 1200
Orlando, FL 32802-0231
Phone: (407) 423-4000
Fax: (407) 843-6610

-and-

WILLIAM P. HELLER
Florida Bar No.: 987263
Las Olas Centre II, Suite 1600
350 East Las Olas Blvd.
Fort Lauderdale, Florida 33301-2229
Telephone: 954-463-2700
Facsimile: 954-463-2224

*Attorneys for CitiMortgage, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 15th day of October, 2010, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to **Jesus Tacoronte,** 2941 Tindall Acres, Kissimmee, Florida 34744.

/s/ *William P. Gray*
William P. Gray, Esq.