**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JESUS TACORONTE[1],**

        **Plaintiff,**

**-vs-**                                                         **Case No. 6:10-cv-1395-Orl-28DAB**

**CITI MORTGAGE, CENTRAL CREDIT SERVICES[2],**

        **Defendants.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **CITI MORTGAGE'S MOTION TO STRIKE JURY TRIAL DEMAND (Doc. No. 9)**
>
> **FILED:**     **October 15, 2010**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

Plaintiff Jesus Tacoronte sued Defendants Citi Mortgage and Central Credit Services for violation of the Telephone Consumer protection Act, the Fair Debt Collection Practices Act, and comparable state consumer laws arising out of what he alleges is a "non-existent" debt. Doc. 1[3]. Defendants answered that the debt for which collection was attempted is a legitimate debt; Citi is not

---

[1] Plaintiff's name was misspelled in the caption in the complaint. The signature of plaintiff contains the correct spelling. Doc. 1.

[2] The Defendant listed as "Central Credit Services" is actually incorporated. Doc.1, 4.

[3] A portion of ¶ 18 appears to be missing. Doc. 1.

a debt collector as a residential mortgage servicer; and foreclosure actions are statutorily exempt from such coverage. Doc. 6. Citi Mortgage has now filed a Motion to Strike Jury Demand on Plaintiff's claims, attaching a copy of the Mortgage on Plaintiff's residence between Danielle and Jesus Tacoronte and the original lender, GB Home Equity, LLC, which contains a jury trial waiver. Doc. 9.

Plaintiff also filed a second case alleging similar violation under the same three statutes against thirty-four separate Defendants who he alleged "initiat[ed] credit report pulls with no permissible purpose from the credit bureaus therefore allegedly lowering Plaintiff's credit score" and improperly collected information about him. *See Tacoronte v. Collection Company of America*, Case No. 6:10-cv-1477-28DAB. This Court recommended that those claims be severed and Plaintiff be ordered to file separate cases; on November 29, 2010, District Judge Antoon adopted the recommendation and ordered severance and termination of the claims against the thirty-three unrelated defendants. *Id*. In a third case filed in the Middle District, Plaintiff's spouse, Danielle Tacoronte similarly alleges four defendants engaged in improper "credit pulls" and attempts to collect debts "which are not legitimate." *See Tacoronte v. Zakheim & Assoc.*, *P.A.*, Case No. 6:10-cv-1408-18DAB.

Citi Mortgage argues that Plaintiff's jury demand should be stricken from his Complaint based on the jury trial waiver in the mortgage on Plaintiff's residence between Jesus Tacoronte and his spouse, executed on April 25, 2006. Doc. 9-1 at 5. Citi Mortgage was not an original party to Plaintiff's mortgage agreement, but argues that it may enforce the jury waiver as a servicer or assignee of Plaintiff's mortgage loan. Judge Whittemore's analysis in *Hancock v. Deutsche Bank National Trust Co.*, holding that a jury waiver clause in a mortgage applied to bar a jury demand in a case against the mortgage servicer, is directly on point:

-2-

The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. CONST. amd. VII. As the Supreme Court has noted, "[m]aintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564-65 (1990). However, it is well established that a party may waive its right to a jury trial if the waiver is knowing and voluntary. *Bakrac, Inc. Villager Franchise Sys., Inc*., 164 Fed. Appx. 820,823 (1lth Cir. 2006). In assessing whether a party has knowingly and voluntarily waived its right to a jury trial, four factors must be considered: (1) the conspicuousness of the waiver provision; (2) the parties' relative bargaining power; (3) the sophistication of the party challenging the waiver; (4) and whether the terms of the contract were negotiable. *Id*. at 824. In making a determination, the Court is not bound by the number of factors that have been satisfied, but asks whether, "in light of all the circumstances, the Court finds the waiver to be unconscionable, contrary to public policy, or simply unfair." *Allyn v. W. United Life Assur. Co.*, 347 F. Supp. 2d 1246, 1252 (M.D.Fla. 2004). The Eleventh Circuit has observed that there is a split in authority as to which party bears the burden on a motion to strike a demand for a jury trial, but has not yet resolved this question. *See Bakrac, Inc*., 164 Fed. Appx. at 824, n. 1.

As an initial matter, it must be determined whether the jury trial waiver, if any, would apply to an action against Countrywide and Deutsche Bank, who were not parties to the agreement between the Plaintiffs and Argent. Paragraph 13 of the mortgage provides: "The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender." Nothing in Section 20 prevents the waiver from actually the "successors and assigns of Lender." The Complaint states that Plaintiffs were notified, belatedly, of the assignment from Argent to Countrywide. Although Plaintiffs allege that they never received notice of the assignment from Countrywide to Deutsche Bank, the Complaint does not suggest that this assignment did not occur. In fact, the basis of Plaintiffs' claim is that Deutsche Bank failed to notify them when their mortgage was transferred from Countrywide to Deutsche Bank. The Court accordingly finds that the contract provisions bind Plaintiffs and Defendants as set forth in Paragraph 13 of the mortgage. This dispute falls within the ambit of the jury trial waiver, as it is a dispute "arising out of or in any way related to this Security Instrument or the Note." The mortgage addresses the obligations of the parties upon sale of the note or change of the loan servicer: "Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing." As Plaintiffs allege that Defendant failed to comply with these notice provisions, the claim arises out of and is related to the mortgage.

Finally, there is no showing that Plaintiffs did not knowingly and voluntarily waive their right to a jury trial. The jury trial waiver is contained in the final

> paragraph of the sixteen-page mortgage, just above Plaintiff's initials and directly preceding their signatures. That paragraph is in a typeface and style consistent with the rest of the document and not obscured by other language. As Plaintiffs have not responded to the instant motion, there is no evidence indicating that the waiver was not knowing and voluntary. *See Bakrac, Inc.*, 164 Fed. Appx. at 824 (11th Cir. 2006) (upholding jury trial waiver); *Belin v. Litton Loan Serv.*, *LP*, 2006 WL 2061340, * 1 (M.D. Fla. 2006) (same); *Allyn*, 347 F. Supp. 2d at 1251 (same). Accordingly, Defendants' Motion to Strike Jury Demand is granted.

*Hancock v. Deutsche Bank Nat'l Trust Co.*, 2006 WL 6319816, Case No. 8:06-cv-1724-T-27EAJ (M.D. Fla. Oct. 24, 2006) (citations to internal documents omitted).

In this case, the jury trial waiver was knowingly and voluntarily executed. It is on page five of the six-page Mortgage – written in bold – and reads:

> **Waive Jury. All parties to this Mortgage hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by any party against any other party.**

Doc. 9-1 at 5. Immediately above the signatures is a provision stating that "EACH GRANTOR ACKNOWLEDGES HAVING READ ALL PROVISIONS OF THIS MORTGAGE, AND EACH GRANTOR AGREES TO ITS TERMS." Doc. 9-1 at 6 (capitalization in original).

Plaintiff does not argue about the knowing and voluntary nature of the jury waiver or the Mortgage that he signed, but instead claims that he has no debt obligation at all to Citi Mortgage. "Since the Plaintiff denies the fact that he has any obligation to Citi and Citi has not offered the Plaintiff any evidence that Plaintiff in fact has any contractual or other obligation to Citi, it is obvious on its face the motion is warrantless [sic]." Doc. 16.

Under the explicit language of the Mortgage (Doc. 9-1): "Subject to any limitations stated in this Mortgage on transfer of Grantor's interest, this Mortgage shall by binding upon and inure to the benefit of the parties, their successors and assigns." Doc. 9 at 6. Citi Mortgage contends that it was assigned to service the Mortgage. Plaintiff points out that "if they are servicer or assignee . . . Citi

has offered no evidence that Citi is any of the above." Doc. 16. There is no evidence in the record such as an affidavit to support Citi's argument that it is the servicer of the Mortgage signed by Plaintiff; however, if Citi Mortgage can provide such evidence, it will not be precluded from moving for a renewed ruling to strike the jury demand. Without such evidence, however, Citi Mortgage's Motion to Strike Jury Demand is **DENIED without prejudice**.

**DONE** and **ORDERED** in Orlando, Florida on November 30, 2010.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Plaintiff Jesus Tacoronte